IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | No.: 1:25-cv-00450-MSN-LRV |
| ISEMAN & ASSOCIATES, LLC, *et al.* | |
| Defendants. | |

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS

If Iseman & Associates was "primarily engaged" in "lobbying activities," it was categorically ineligible for the PPP loans it received. The United States contends that it was so engaged (and, therefore, was ineligible). In their Answer, Defendants deny this. *See* Answer (ECF No. 3), ¶¶ 40, 49. Accordingly, the United States served requests for production seeking, *inter alia*, documents directly relevant to determining what (if any) other business Iseman & Associates, or its principal, engaged in.

Defendants have largely failed to comply with these requests. Despite failing to timely object—something that Defendants' opposition ignores—Defendants have withheld all documents responsive to certain requests on the grounds that the requests are overbroad and have produced such a paucity of documents in response to other requests so as to raise a clear inference that Defendants have failed to conduct an adequate search of their records, even where they made no objection to the scope or terms of the request. To date, Defendants have not produced any records showing the specific nature of Iseman & Associates' work, other than the publicly available Lobbying Disclosure Act reports.

The Court should order Defendants to promptly comply with their discovery obligations and require a complete production of all responsive documents forthwith.

ARGUMENT

I. Defendants' Objections to the Requests Are Unavailing

Defendants have refused to produce any documents responsive to I&A RFP Nos. 6, 11, 15, and 27 and Iseman RFP Nos. 1-5 and 15-16.[1] In their (untimely) objections, Defendants maintained that these requests were irrelevant, unduly burdensome, and overly broad. In their Opposition, Defendants appear to have abandoned their relevance and burden objections, arguing only that these requests are "facially objectionable because they lack a reasonable limitation as to scope, temporal period, or subject matter," Opp. (ECF No. 12) at 4,[2] and further arguing that Defendants have no obligation to respond at all to such requests. Not so.

First, while a party may object to a request as overbroad, "if the objection recognizes that some part of the request is appropriate the objection should state the scope that is not overbroad." Fed. R. Civ. P. 34 (comment to 2015 Amendment); *see also Daedalus Blue, LLC v. MicroStrategy, Inc.*, 2:20-cv-551, 2021 WL 11709428, at *5 (E.D. Va. May 3, 2021) (objections "run[] afoul" of Rule 34 due to, *inter alia*, "failure to indicate MicroStrategy's interpretation of the non-objectionable scope of the requests"). While Defendants suggest that these requests are unreasonable in scope, they fail to identify what the appropriate scope would be. *See Daedalus Blue*, 2021 WL 11709428, at *6.

---

[1] Defendants originally withheld all documents responsive to I&A RFP Nos. 7-10. Defendants made a supplemental production on July 15, 2025, of limited materials responsive to these requests.

[2] The requests are clearly limited in "temporal scope" as they are limited on their face to the period 2019 to 2022. The United States does not understand Defendants to be contending otherwise.

Second, Defendants "facial" objections are misplaced. Consider the sole example in Defendants' Opposition: I&A RFP No. 6: "All appointment books, logs, diaries, or calendars used by Iseman & Associates, LLC, during 2019 to 2022, inclusive." *See* Opp. (ECF No. 12) at 5. This request is limited in scope, subject, and time—it seeks the appointment books used by the business for a four-year period. Although Defendants have abandoned their relevance objection, the relevance of this material is likewise apparent: The corporate calendars bear directly on the question of what business Iseman & Associates and its employees were engaged in during the relevant time-period and where the company's revenues came from.[3] So too with the other requests were Defendants refused to respond. *See, e.g.*, I&A RFP No. 11 ("All documents that discuss or describe the engagement of [Iseman & Associates] by any individuals, businesses, or entities for financial or other compensation for any purpose between 2019 and 2022, inclusive."); I&A RFP No. 15 ("All bank statements for Iseman & Associates, LLC from 2019 to 2022, inclusive."); I&A RFP No. 27 ("All communications with any accountant or tax preparer concerning Iseman & Associates, LLC from 2019 through the Present.").

Perhaps recognizing their obligations under Rule 34, Defendants change tack and claim that they "narrow[ed] several overly broad requests to reasonable scope and produc[ed] responsive documents within those narrowed parameters." Opp. (ECF No. 12) at 5. As Defendants concede, this was not the case with the requests for which refused to comply entirely. *See id.* at 4 (acknowledging that Defendants "withheld all documents responsive to certain

---

[3] The United States has also alleged that Iseman & Associates used the PPP loan funds to pay employees who were engaged in "lobbying activities," which is an impermissible use. *See, e.g.*, Compl.(ECF No. 1) ¶¶ 95, 105. The corporate calendars and appointment books also bear directly on this issue.

3

requests"). And significantly, Defendants only proposed a "narrowed" scope for four of the I&A requests.[4]

Critically, however, none of the above discussion (and nothing in Defendants' opposition) addresses the *other* requests which the United States discussed in its Motion to Compel.

II. <u>Defendants Have Failed to Conduct an Adequate Search of their Records</u>

Similarly, Defendants make no effort to justify their paltry production, even to requests where they raised no objections at all. As more fully set forth in the United States' Memorandum in Support of its Motion, Defendants' limited production in response to several of the requests is facially implausible. *See* Mem. in Supp. at 7-10 (ECF No. 10). For example, in response to requests seeking documents showing all of the business's income and expenses, Defendants produced a single sheet that purported to simply list "total income," "payroll," and "total expenses" for the four years. Defendants produced few, if any, documents showing the origins of these numbers. It is beyond belief to suggest that Defendants did not generate (or have not retained) supporting documents.

In their opposition, Defendants do not attempt to defend the search that they conducted in response to the Requests. Instead, they are silent on the subject. "The Federal Rules of Civil Procedure impose a duty upon companies responding to discovery to conduct a reasonable

---

[4] Defendants purported to "narrow" the scope I&A RFP Nos. 13, 14, 16, and 18. Of those requests, the United States is only challenging Defendants response to I&A RFP No. 13. *See* Mem. in Supp. at 8-10. In response to I&A RFP No. 13 (seeking "[a]ll invoices" "submitted by [Iseman &Associates] to any individuals, businesses, or entities who retained [Iseman & Associates] for financial or other compensation for any purpose between 2019 and 2022"), Defendants limited the scope of their response to certain business activities. *See* Opp. (ECF No. 12) at 5-6 The effect (and likely purpose) of this limitation to deprive the United States from conducting discovery into Defendants' contention that they were engaged in some business other than lobbying.

4

investigation, make reasonable inquiries of its employees, and fully respond to . . . document requests." *Selee Corp. v. McDanel Adv. Ceramic Tech., LLC*, No. 1:15-cv-129, 2016 WL 4546446, at *3 (W.D.N.C. Aug. 31, 2016) (internal quotations omitted). Defendants have provided no information regarding the search conducted of their files. And, significantly, Defendants have produced very few communications at all. "A party conducting a search of electronically stored information (ESI) has the burden of demonstrating that its methodology was reasonable. An explanation of the search terms and procedures used would be a large step in that direction." *E. Bridge Lofts Prop. Owners Ass'n., Inc. v. Crum & Forster Specialty Ins. Co.*, No. 2:14-cv-2567, 2015 WL 12831731, at *3 (D.S.C. June 18, 2015). Here, neither Defendants Responses to the requests nor their Opposition to the United States' Motion provide any information regarding the search that was conducted.

## CONCLUSION

For the foregoing reasons, the United States requests that its Motion to Compel be granted.

Dated: July 31, 2025

                                                        Respectfully submitted,

                                                        ERIK S. SIEBERT
                                                        United States Attorney

By:    /s/ John E. Beerbower
        JOHN E. BEERBOWER
        Assistant United States Attorney
        United States Attorney's Office
        *Counsel for the United States of America*
        2100 Jamieson Avenue
        Alexandria, VA 22314
        Tel: 703.299.3841
        Fax: 703.299.3898
        john.beerbower@usdoj.gov