IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ISEMAN & ASSOCIATES, LLC, *et al.*<br><br>Defendants. | No.: 1:25-cv-00450-MSN-LRV |

**AGREED PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties hereby stipulate and agree as follows, and it is ORDERED that:

1. The purpose of this Order and agreement is to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

2. This Order governs the handling of all documents, testimony and information produced, given or filed herein by the parties and designated or considered "CONFIDENTIAL" under this order. For the avoidance of doubt, this Order governs all documents, testimony and information produced or given by non-parties as well.

3. During discovery in this matter, the parties intend to produce confidential information, and some non-parties may be required via a subpoena to produce confidential information. In order to permit the parties to discover information that is both relevant to the claims or defenses of either party and is proportionate to the needs of the case, without the unnecessary sacrifice of privacy interests, the parties agree that the following procedures shall be followed with respect to the information to be produced pursuant to the parties' discovery requests that is marked as "CONFIDENTIAL."

4. As used herein, "Confidential Information" or information designated as "CONFIDENTIAL" means any information that any party or non-party from whom discovery is sought (the "Designating Party") reasonably and in good faith believes constitutes or discloses proprietary or confidential personal, medical, financial, business, material protected from disclosure by the Privacy Act of 1974, 5 U.S.C. § 552a, or other commercial information that the Designating Party would not disclose to third parties, reasonably believes would, if revealed, cause harm to the Designating Party's business interests, or information that would cause third parties to maintain in confidence.

5. Subject to the exceptions set forth in Paragraph 22, any information produced or disclosed in this action that is deemed Confidential Information or designated as "CONFIDENTIAL," as defined above, shall be used solely for the purpose of conducting litigation in this action, including settlement, monetary collection, and appeals related to the action.

6. Persons or entities covered by this Agreed Protective Order may designate materials as confidential by either of the following methods:

    a. by writing, typing or stamping the word "CONFIDENTIAL" on the face or bates label of any materials upon their initial production to the non-designating party;

    b. by written notice to counsel for the non-designating party including a description of materials to be designated as "CONFIDENTIAL";

    c. by affixing the "CONFIDENTIAL" label to a filename or a folder to indicate the protection is applied to all contents therein.

    d. by stating on the record in a deposition that testimony given or exhibits used in that deposition should be treated as "CONFIDENTIAL"; or

e.   by written notice to counsel for the non-designating party within twenty (20) days after receipt of a deposition transcript of those portions of the transcript (by specific page and line reference, or exhibit number) the notifying party considers "CONFIDENTIAL." Prior to the expiration of the twenty (20) day period, the entire deposition transcript shall be treated as "CONFIDENTIAL."

7.   Information marked as "CONFIDENTIAL" will be provided for review by the Designating Party (and their counsel) in strict confidence. Right of access to this material shall be limited to the parties and their representatives; counsel for the parties and their staff; any consultants or expert witnesses in their employ; persons with a need to examine such materials; and any other person mutually authorized by all counsel to examine such materials. Any person having access to this material shall be informed that it is confidential and subject to a non-disclosure order by this Court.

8.   Any summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, or copy containing Confidential Information, or any electronic image or database containing Confidential Information, will be subject to the terms of this Order to the same extent as the material or information from which such summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit, copy, electronic image, or database is derived.

9.   Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof and shall use reasonable measures to store and maintain the Confidential Information so as to prevent unauthorized disclosure.

10.   All materials produced by the parties and third parties in this case prior to the entry of this Protective Order, and designated by the producing party or third-party as containing

Confidential Information, will also be subject to the terms of this Protective Order. Any such designation must be made within 30 days of the entry of this Protective Order by written notice by the designating party or third-party to the other parties of the specific materials so designated. All materials produced by the parties and third parties in this case prior to the entry of this Protective Order marked in a manner that differs from that set forth in paragraph 5 but that reasonably indicates the proprietary, sensitive, or confidential nature of the information shall also be treated as Confidential Information under this Order without any need for further designation or reproduction.

11. All counsel of record receiving copies of documents, transcripts, responses to written questions, or any other material or information designated as Confidential Information must maintain such Confidential Information in their possession in a manner sufficient to protect such material against unauthorized disclosure. This Order applies to all vendors, including without limitation, any copy service or document storage companies. It is the responsibility of counsel of record to take reasonable steps to ensure that all its vendors comply with this Order.

12. Should a party receiving material seek to challenge the designation of certain material as "CONFIDENTIAL," it shall first attempt to resolve such a dispute informally with the Designating Party. If such amicable efforts at dispute resolution are unsuccessful, the Designating Party may move this Court to sustain the "CONFIDENTIAL" designation. Such a motion must be filed no later than fourteen (14) days after the termination of informal dispute resolution efforts.

13. If information designated as "CONFIDENTIAL" is filed with the Court in connection with motions or other matters in this case, or otherwise utilized at deposition or trial, the parties will endeavor to protect identifying information and other private information. This

will include, at a minimum, redacting all dates of birth and other numerical identifying characteristics. These efforts may also include referring to individuals in a generic manner. In the event such "CONFIDENTIAL" material is introduced into evidence or considered by the Court, neither the designation "CONFIDENTIAL" nor the fact of such designation shall be admitted into evidence or considered by the Court. The "CONFIDENTIAL" designation shall be redacted from the documents expected to be introduced into evidence at trial.

14. If a Party or, as appropriate, non-party, wishes to file with the Court (*i*) any deposition transcripts, exhibits, answers to interrogatories, or other documents which have previously been designated as comprising or containing Confidential Information, or (*ii*) any pleading, brief, or memorandum which reproduces, paraphrases, or discloses Confidential Information, that party must (a) provide written notice to the Designating Party at least five (5) business days in advance of the filing, and (b) submit a written application for leave to file under seal the material designated as Confidential Information pursuant to Local Rule 5 of the Rules of the U.S. District Court for the Eastern District of Virginia.

15. Counsel will endeavor to avoid revealing Confidential Information in any oral hearings before the Court, except for trial. If any counsel finds it necessary to refer to Confidential Information in any such oral hearings, counsel must notify the Court and all other counsel of record as soon as such necessity becomes apparent and propose whatever mechanisms may be available and appropriate to prevent disclosure of Confidential Information as a consequence of such oral hearings to persons other than those authorized by this Order.

16. Confidential Information and any copies thereof, and notes made therefrom, may be disclosed only (i) to current and former employees of and attorneys for the parties, (ii) to deposition or trial witnesses in connection with their actual or potential testimony, (iii) to persons

retained specifically to serve as an expert witness or a consultant in this action, (iv) to persons regularly employed in or by such attorney offices or offices assisting such attorneys in this matter, (v) any Persons who the Confidential Information itself indicates, or who the non-designating party has a good-faith basis to believe, was the author, addressee, recipient, custodian, or source of the Document or Confidential Information, (vi) any Person whose statements or communications are quoted, recounted, or summarized in a Party's or Non-Party's Documents or Confidential Information, except that only those portions of the Documents or Confidential Information quoting, recounting, or summarizing a Person's statements or communications may be disclosed to that Person, or (vii) to other persons as reasonably necessary for the preparation, trial, appeal or settlement of the case identified herein.

17. Except material filed with the Court, all copies of material designated "CONFIDENTIAL" shall be destroyed, or returned to the Designating Party's counsel, within sixty (60) days of the conclusion of all trial and appellate proceedings, provided however, that any party may keep any confidential information that is necessary to comply with any statutory record-keeping obligations. Once the material is destroyed, counsel shall notify the Designating Party's counsel.

18. In the event that any material subject to this Order is used in any court proceeding, it shall not lose its protected status through such use (except as otherwise ordered by the Court), and the parties shall take all steps reasonably required to protect its confidentiality during such use, with the exception of redactions to documents expected to be used at trial as outlined in Paragraph 8.

19. In order to facilitate further exchanges of material, by letter between counsel, the parties may agree to designate other information or material as being subject to this Order.

20. This Order is without prejudice to the right of any party to make any objection to discovery permitted by the Federal Rules of Civil Procedure, or by any statute or other authority.

21. This Agreed Protective Order may be modified by further order of this Court and is without prejudice to the rights of any Party or non-party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

22. Nothing in this Agreed Protective Order:

   a. limits any Party's or non-party's use or disclosure of its own information designated as Confidential Information;

   b. prevents disclosure of Confidential Information with the consent of the Protected Person that designated the material as Confidential; or

   c. prevents Plaintiff's retention, use, or disclosure of Confidential Information outside the context of the action to the extent permitted by applicable law or regulation, for law enforcement purposes, as required by law, court order, or regulation, or for the purpose of securing compliance with a Final Judgment in this action. Any such disclosures shall be limited to those permitted by applicable law or regulation. Plaintiff will not disclose any Confidential Information produced only during the pendency of the action to any Non-Party, except as ordered by a court or as may be required by law or regulation and subject to Paragraph 17.

\\
\\
\\

23. Nothing in this Agreed Protective Order shall prevent any party or other person from seeking modification of this Order or from objecting to discovery that it believes to be otherwise improper.

IT IS SO ORDERED.

ENTERED this __12th__ day of __August__, 2025

_____/s/ LRV_____
Lindsey Robinson Vaala
United States Magistrate Judge

Dated: August 12, 2025

WE ASK FOR THIS:

    ERIK S. SIEBERT
    United States Attorney

By:   /s/ John E. Beerbower
    JOHN E. BEERBOWER
    Assistant United States Attorney
    United States Attorney's Office
    *Counsel for the United States of America*
    2100 Jamieson Avenue
    Alexandria, VA 22314
    Tel: 703.299.3841
    Fax: 703.299.3898
    john.beerbower@usdoj.gov

*/s/ Jordan D. Howlette*
JORDAN D. HOWLETTE
VSB No.: 97839
Managing Attorney
Justly Prudent
1140 3rd St. NE, Suite 2180
Washington, DC 20002
Tel: (202) 921-6005
Fax: (202) 921-7102
jordan@justlyprudent.com
*Counsel for Defendants*